# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1645V

| | |
|---|---|
| TINA LEKAS,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: August 2, 2023 |

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for Respondent.

### RULING ON ENTITLEMENT[1]

On November 23, 2020, Tina Lekas filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of an influenza ("flu") vaccination received on December 4, 2019. Petition at 1. Petitioner further alleges that her vaccine related injury persisted for more than six months. Petition at 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 31, 2023, Respondent filed his Rule 4(c) report in which he states that he does not contest that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Specifically, Respondent states:

> Based on the Special Master's Order finding that the "onset of [petitioner's] right shoulder pain most likely occurred within 48 hours of vaccination, consistent with the Table requirements for a SIRVA claim," and medical record evidence submitted in this case, DICP will not continue to contest that petitioner suffered a right-sided SIRVA as defined by the Vaccine Injury Table. Specifically, petitioner had no recent history of pain, inflammation, or dysfunction of her right shoulder; the onset of pain occurred within 48 hours after receipt of an intramuscular vaccination; the pain was limited to the shoulder in which the vaccine was administered; and, no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's right shoulder pain. 42 C.F.R. §§ 100.3(a), (c)(10). In addition, petitioner suffered the residual effects of her condition for more than six months. 42 U.S.C. § 300aa-11(c)(1)(D)(i). Therefore, based on the record as it now stands and subject to his right to appeal the Findings of Fact, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act. 42 U.S.C. § 300aa-13.

*Id.* at 6-7. **In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

    **IT IS SO ORDERED.**

    <u>s/Brian H. Corcoran</u>
    Brian H. Corcoran
    Chief Special Master